IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLOTTE BROWN                                                                        PLAINTIFF

vs.                                           Civil No. 4:08-cv-04114

MICHAEL J. ASTRUE                                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Charlotte Brown ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her application for SSI on December 15, 2005.  (Tr. 45, 51). Plaintiff alleged she was disabled due to advanced emphysema.  (Tr. 61).  Plaintiff alleged an onset date of December 1, 2003.  (Tr. 45).  This application was initially denied on August 1, 2006 and was denied again on reconsideration on January 3, 2007.  (Tr. 28-29).  On January 19, 2007, Plaintiff requested an administrative hearing on her application.  (Tr. 33).  This hearing request was granted,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

and a hearing was held on January 24, 2008 in Texarkana, Texas. (Tr. 316-341). Plaintiff was present and was represented by counsel, Denver Thornton, at the hearing. *See id.* Plaintiff and Vocational Expert ("VE") Charles Turner, Ph.D. testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had obtained her GED. (Tr. 319-320).

On July 25, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 9-19). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 15, 2005, her application date. (Tr. 11, Finding 1). The ALJ determined Plaintiff had the following severe impairments or combination of impairments: emphysema, chronic obstructive pulmonary disease (COPD), and hypertension. (Tr. 11, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11-12, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 12-17). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, including mild to moderate pain, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 416.967(a), with the ability to lift-carry and push-pull a maximum of 10 pounds occasionally, the ability to sit 6 hours in an 8-hour workday and the ability to stand and/or walk 2 hours in an 8-hour workday. She should also be able to alternate between sitting and standing as needed. She can

>occasionally climb, crouch, balance, kneel, crawl, stoop and/or bend. However, she should avoid work around excessive chemicals, noise, humidity, dust, fumes, temperature extremes, vibrations, gasses, and/or other pulmonary irritants. There are no significant restrictions in regard to mental-emotional functioning.

(Tr. 12, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 5). The ALJ determined Plaintiff's PRW included work as a store clerk and department store manager. (Tr. 17, Finding 5). The ALJ determined Plaintiff's RFC precluded her from performing her PRW. *See id.* The ALJ then heard testimony from the VE to determine whether Plaintiff's age, RFC, past work, and education precluded her from performing other work existing in significant numbers in the national economy. (Tr. 18, 316-341). In response to a hypothetical, the VE testified that a hypothetical person with Plaintiff's limitations would be able to perform work as an assembler and inspector (*i.e.,* lamp shade assembler) with approximately 450,000 such jobs in the nation and 55,000 such jobs in the region. (Tr. 18). Based upon this testimony, the ALJ determined there were other jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 18, Finding 9). The ALJ then found Plaintiff had not been under a disability, as defined by the Act, since December 15, 2005, the date her application was filed. (Tr. 19, Finding 10).

On July 28, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. *See* 20 C.F.R. § 404.968. On September 26, 2008, the Appeals Council declined to assume jurisdiction of Plaintiff's case. (Tr. 2-4). On December 1, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 11, 2008. (Tr. 4). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings

are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly

limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff brings the present appeal claiming the following: (1) the ALJ improperly rejected the opinion of Plaintiff's treating physician, Dr. Brian Oge; (2) the ALJ "did not understand or appreciate Plaintiff's condition"; (3) the ALJ performed an improper *Polaski* evaluation; (4) the ALJ improperly evaluated Plaintiff's "narcotic dependency" as an "addiction"; (5) the ALJ posed a defective hypothetical to the VE; and (6) the ALJ improperly found Plaintiff had the RFC to perform sedentary work. (Doc. No. 6, Pages 3-15).

In response to Plaintiff's five arguments, Defendant argues that substantial evidence supports the ALJ's disability determination. (Doc. No. 7, Pages 5-13). Specifically, Defendant argues that Dr. Oge's opinion was not made a part of the record and should not be considered. *See id.* Defendant argues the ALJ properly evaluated Plaintiff's condition and properly considered her subjective complaints pursuant to *Polaski*. *See id.* Defendant argues the ALJ properly considered Plaintiff's smoking habit, properly posed his hypothetical to the VE, and properly found Plaintiff had the RFC

to perform sedentary work. *See id.* Because this Court finds the ALJ failed to fully consider the opinion of Plaintiff's treating physician, Dr. Brian Oge, this Court will only address Plaintiff's first argument for reversal.

As an initial matter, the opinion letter at issue from Dr. Oge was not included as a part of the record. (Tr. 16). The ALJ noted the following regarding this opinion letter:

> The representative noted that there was a report from Dr. Oge, dated July 18, 2007, reporting that claimant was currently unable to work in any gainful capacity at that time due to the severity of her COPD causing symptomatic weakness and dyspnea. However, these medical records were not made available and it is the conclusion of the undersigned Administrative Law Judge that the medical evidence as a whole does not support a conclusion that this would change or have a significant effect on the overall issue of disability.

(Tr. 16). With this notation, the ALJ made two observations about Dr. Oge's July 18, 2007 opinion letter. First, the ALJ found these records "were not made available" to him so they were not included in the record. Plaintiff, however, has submitted proof showing this record was submitted to the SSA on July 25, 2007. (Doc. No. 6, Ex. 1). There is, therefore, at least some issue as to whether this record was made available to the ALJ.

Second, the ALJ found these records would not "change or have a significant effect on the overall issue of disability." (Tr. 16). The relevant portions of this record from Dr. Oge dated July 18, 2007 provides as follows:

> Ms. Brown has been seen by me as a patient for the last several months. She has severe chronic obstructive pulmonary disease and chronic recurrent pleurisy and pleuritic pain. She is currently unable to work in any gainful capacity at this time due to the severity of the chronic obstructive pulmonary disease causing symptomatic weakness and dyspnea. Please feel free to contact me with any questions regarding her condition.

(Doc. No. 6, Ex. 1).

Defendant argues this opinion letter would not change or impact the issue of disability because it provides opinions on issues ordinarily reserved for the SSA. (Doc. No. 7, Page 7). Defendant is

correct in this argument, and Dr. Oge's opinion on Plaintiff's ability to work in "any gainful capacity" is a decision left solely to the discretion of the SSA. *See* 20 C.F.R. § 416.927(e)(1). On the other hand, the ALJ still has the responsibility of fully and fairly developing the record. *See Snead v. Barnhart,* 360 F.3d 834, 836 (8th Cir. 2004). Part of that duty includes the responsibility to recontact a treating medical source when the evidence received from that source is inadequate for the ALJ to determine whether a claimant is disabled or not. 20 C.F.R. § 404.1512(e).

Importantly, in this case, Dr. Oge not only gave his opinion that he thought Plaintiff was disabled. (Doc. No. 6, Ex. 1). He also outlined her medical problems, past and current, and her medications. *See id.* As a treating physician, Dr. Oge's opinion may be entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d)(2). As such, instead of wholly disregarding his opinion, the ALJ should have at least made an effort to obtain this record so he could review it and then the ALJ should have considered recontacting Dr. Oge for additional information if it was needed.

**4. Conclusion:**

Based on the foregoing, because the ALJ failed to fully and fairly develop the record in this case, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13th day of January, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE